United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 2, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40754
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN ANTONIO RAMIREZ-JUAREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-2570-ALL
--------------------

Before DAVIS, WIENER and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Juan Antonio Ramirez-Juarez appeals his conviction and 41-month sentence for attempted illegal reentry. Ramirez-Juarez argues that the sentence imposed by the district court should not be afforded a presumption of reasonableness merely because it is within the properly calculated guidelines range. Ramirez-Juarez's argument is foreclosed by Rita v. United States, ___ S. Ct. ___, 2006 WL 1772146 at *6-*11 (June 25, 2006).

Ramirez-Juarez further contends that even if a presumption of reasonableness applies to his sentence, the presumption is

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

overcome and the sentence is unreasonable when, as in his case, the district court "is presented with nonfrivolous grounds for a below-Guidelines sentence that the court simply passed over in silence."

The district court heard the arguments that Ramirez-Juarez had only one prior offense several years earlier and that he had reentered the United States for family reasons. The judge commented that, although Ramirez-Juarez had only one prior offense, it was a serious offense. Based on that serious history, the court stated that a sentence within the guideline range "would be reasonable." Under Rita, the district court's statement of reasons was sufficient. 2006 WL 1772146 at * 13.

Ramirez-Juarez also challenges the constitutionality of 8 U.S.C. § 1326(b). His constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Ramirez-Juarez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Ramirez-Juarez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.